[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is an action against ten Milford police officers and the City of Milford for negligence of the police officers in failure to pursue, apprehend and arrest a person who had committed a burglary at the plaintiff's house. The first count is against the police officers, and the second count is against the City under section 7-465 of the General Statutes. The defendants have moved to strike both counts of the complaint on grounds of governmental immunity, claiming that there is no cause of action in Connecticut for failure of a police department or its employees to pursue, apprehend and arrest a person who has apparently committed a crime.
A motion to strike can be used to challenge the legal sufficiency of a complaint. Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528, 530n. ; Connecticut Practice Book section 152. On a motion to strike the facts alleged in the complaint and facts necessarily implied from them are accepted as true, and the complaint is construed in the manner most favorable to the pleader. Blancato v. Feldspar Corporation, 203 Conn. 34, 36; Morris v. Hartford Courant Co., 200 Conn. 676, 678. The court cannot infer other facts beyond those alleged in the complaint or necessarily implied from alleged facts. King v. Board of CT Page 4895 Education, 195 Conn. 90, 95; Cavallo v. Derby Savings Bank,188 Conn. 281, 285, 286. While a motion to strike admits pleaded facts, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108; Blancato v. Feldspar Corporation, supra, 37.
The revised complaint alleges that on January 15, 1988 an individual later identified as William Chandler had burglarized the plaintiff's residence and took numerous articles of gold jewelry, and stole the plaintiff's truck from the driveway. At the time of the illegal entry and theft, the plaintiff's son was in the house. He telephoned the plaintiff, who immediately came home and called the Milford Police Department requesting their assistance. Several police officers were requested to apprehend Chandler so that the plaintiff's vehicle and personal property could be recovered. The officers were specifically requested to notify the Connecticut State Police and New York State Police that the plaintiff believed Chandler was fleeing to Florida on an airline flight from a New York airport, and was probably traveling south on I-95 from Milford to New York. The plaintiff demanded that Chandler be pursued and apprehended and, if necessary, that an arrest warrant should be issued for Chandler's arrest. The complaint also claims that the officers would not and did not act promptly and diligently to apprehend Chandler, did not notify the state police and police in other states or the federal bureau of Investigation, and did not promptly request an arrest warrant for Chandler. The plaintiff claims that if proper police procedures had been used they would have been likely to result in the apprehension of Chandler and the recovery of the plaintiff's personal property.
Paragraph 13 of the first count claims that this conduct, omissions and the delays by the police officers amounted to carelessness and negligence, in that they should have immediately pursued Chandler to try to apprehend him in the process of committing a felony, notified other law enforcement officials, and followed effective and proper police procedures. In paragraph 14 it is claimed that the carelessness and negligence of the defendants caused the plaintiff to be deprived of the use and value of his personal property, and to incur various specified personal expenses in trying to apprehend Chandler and recover the stolen property. The second count claims indemnification from the City under section 7-465 of the General Statutes for the damages caused by the individual defendants acting within the scope of their duties as police officers and employees of the defendant City of Milford. CT Page 4896
Whether or not governmental immunity exists for conduct of a municipality, its officers and employees, is a question of law. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170; Shore v. Stonington, 187 Conn. 147, 153; Brown v. Branford, 12 Conn. App. 106, 111. The issue can be decided on a motion to strike. Id.; Gordon v. Bridgeport Housing Authority, supra, 170.
The police officers are employees of the defendant City, which is a municipal corporation. A municipal employee has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. Evon v. Andrews, 211 Conn. 501,505; Fraser v. Henninger, 173 Conn. 52, 60. The operation of a police department is a discretionary governmental function and acts or omissions related to it, including the failure to provide or the inadequacy of police protection cannot be the basis for tort liability on the part of the municipality. Gordon v. Bridgeport Housing Authority, supra, 179, 180, and cases cited therein. A ministerial act is "a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." Evon v. Andrews, supra, 505; Wright v. Brown, 167 Conn. 464, 471; Gauvin v. New Haven, 187 Conn. 180, 184. At the time the Milford Police Department was contacted by the plaintiff, Chandler had already burglarized the property and fled the scene. It is obvious that after receiving the phone call from the plaintiff there was more than one way that the police could react, and how and whether to pursue a fleeing felon requires some exercise of judgment and discretion.
It is also obvious that police officers in performing police functions and enforcing the law are carrying out what is a governmental as opposed to a proprietary function.
Since the officers were engaged in discretionary governmental acts they had qualified immunity. Evon v. Andrews, supra, 505. Connecticut law recognizes three exceptions to this rule under which liability may exist even though the act was discretionary: (1) where the circumstances make it apparent to the public officer that failure to act is likely to subject an identifiable person to imminent harm; (2) where a statute specifically provides for a cause of action against a municipality or municipal officer for failure to enforce certain laws; and (3) where the alleged acts involve malice, wantonness or intent to injure, rather than negligence. Id., 505. The complaint here only alleges negligence, so the third exception does not apply. In addition the plaintiff has not identified any statute CT Page 4897 which creates liability on the part of the police officers or the municipality under the facts of this case. Moreover, where a claim is based upon a statute it must be identified and pleaded in the complaint. Section 109A Connecticut Practice Book.
Connecticut has given limited recognition to the "discrete person/imminent harm" exception to the general rule of governmental immunity for employees engaged in discretionary activities. Id., 507. In Shore v. Stonington, supra, and Evon v. Andrews, supra, 508, claims that the exception applied were rejected. In Sestito v. Groton,178 Conn. 520, 528, it was held, under the facts of that case, that whether there was a specific duty owed to an individual was a question of fact which should have been submitted to the jury. In order for the exception to apply and give the plaintiff a cause of action, it must be shown that he was both (1) a readily identifiable victim and (2) subject to imminent harm. Shore v. Stonington, supra, 154; Evon v. Andrews, supra, 508. In Sestito v. Groton, supra, a police officer on duty observed a group of men drinking, arguing and scuffling in a parking lot outside of a bar, but the officer did not intervene until he heard gunshots. It was held that there was a question of fact whether, under the circumstances, the plaintiff's decedent, who died as a result of being shot, was then an identifiable person subject to imminent harm. On the other hand, in Shore v. Stonington, supra, a police officer stopped a speeding automobile, but despite evidence of intoxication did not arrest the driver. Later that evening the driver struck a vehicle operated by the plaintiff's decedent who later died from the injuries sustained in the collision. The Supreme Court upheld the trial court's conclusion, decided on a motion to strike, that the plaintiff had failed to show that the plaintiff's decedent was an identifiable person subject to imminent harm. Evon v. Andrews, supra, involved claims that municipal officers were negligent in failure to enforce various statutes, regulations and codes and therefore had not done enough to prevent the occurrence of a fire. The plaintiffs' decedents were killed in a fire which destroyed their residence. The court concluded that the class of possible victims of an unspecified fire that could have occurred after non-enforcement of the regulations and codes, and could have occurred at any future time or not at all, were not a group of "identifiable persons" within the meaning of the exception. 211 Conn. at 508. It also concluded that the plaintiff's decedents were not subject to "imminent harm" when the municipal officials failed to enforce the statutes, regulations and codes designed to protect buildings. CT Page 4898
Under the facts of this case it is obvious that the failure of the police to pursue and apprehend Chandler at the time requested by the plaintiff did not subject the plaintiff to imminent harm. Chandler was allegedly fleeing from the state and was no personal risk to the plaintiff. The exception has only been extended to encompass situations of personal danger to an identifiable person. There was no indication that the exception should be extended to the loss, imminent or not, of personal property. Since the acts alleged in the complaint required to some extent the exercise of judgment by the municipal employee defendants, they were governmental, discretionary acts, and therefore the individual defendants were immune from liability.
It is apparent that this same result would have been reached under an analysis as to whether the duty imposed here upon the police officers was a public or private duty. As indicated in Shore v. Stonington, supra, 151, there is a question of law as to whether police officers owed a duty to the plaintiff, because without a breach of duty there is no negligence on their part. The court stated at page 152:
 "If the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be redressed, if at all, in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it properly is an individual wrong and may support an individual action for damages."
The court did recognize in the Shore case that "in deciding the issue of when, if ever, an official's public duty precipitates into a special one to prevent harm to an individual, the law requires, to maintain the action, a showing of imminent harm to an identifiable victim."187 Conn. at 156. In Gordon v. Bridgeport Housing Authority, supra, 183, and Evon v. Andrews, supra, 506, neither of which found a private duty to the plaintiff in addition to the public duty of the officials involved, the court concluded that it was unnecessary to consider whether an exception existed to the public duty doctrine. In Gordon the court recognized that "this plaintiff could not achieve a different outcome in this case even if the public duty doctrine was abrogated since the distinction between discretionary and ministerial acts would remain. . . . The plaintiff clearly has not shown by any allegations in the challenged counts that any actions by the defendants were ministerial and has not CT Page 4899 established that any exception for discretionary acts applies. Therefore, even if the public duty doctrine were abolished, a finding that the defendant's actions were discretionary and not ministerial would preclude liability of the defendants. Although it is true that the distinction between public/private duties and discretionary/ministerial acts often overlap, the plaintiff's reasons for urging the abrogation of the public duty doctrine are unconvincing."208 Conn. at 183. The public duty/private duty concept was not discussed in Evon, because the parties agreed that the duty was a public one. 211 Conn. at 506.
In this case the Court concludes that the pursuit of fleeing criminals upon request of private citizens is a public and not a private duty. Even if the plaintiff could establish some special duty owed to him, the claim would still be barred because it does not come within one of the three exceptions in Connecticut to the rule of immunity of municipal officials for discretionary, governmental acts.
The general rule in Connecticut is that the municipality itself has no liability for the performance of governmental functions. Gauvin v. New Haven, 187 Conn. 180, 184; Connecticut Law of Torts (2d. ed.), section 91. Operation of a police department is clearly a governmental function. Gordon v. Bridgeport Housing Authority, supra, 179. There are three exceptions to the rule that a municipality is not liable for the torts of its employees committed in the exercise of a governmental function: (1) where the municipality creates and maintains a nuisance; (2) where governmental immunity is waived by statute; and (3) where the act is ministerial. Connecticut Law of Torts, section 91; Modugno v. Foresite Builders, Inc., 5 CSCR 101, 102. The first exception does not apply and apprehension of criminals by the police department is not a ministerial act. While the complaint here relies only upon section 7-465 of the General Statutes, under some circumstances both that statute and section 7-101a provide a waiver of governmental immunity. Section 7-465 is an indemnity statute, giving indemnity to a municipal employee from his employer if there is a judgment against the employee under certain proscribed conditions, but the municipality does not assume liability initially. Fraser v. Henninger, 173 Conn. 52, 56; Kostyal v. Cass, 163 Conn. 92,97. The town's duty of indemnification exists only if the employee's liability is first established. Wu v. Fairfield, 204 Conn. 435, 438; Sestito v. Groton, supra, 527. Section 7-101a(a) requires a municipality to indemnify any municipal officer or full-time municipal employee for any financial loss resulting out of claims of negligence on the CT Page 4900 part of such officer or employee while acting in discharge of his duties. The City's liability under this statute is also limited to indemnification. Orticelli v. Powers, 197 Conn. 9,11, 14; Ahern v. New Haven, 190 Conn. 77, 79, 80. Neither statute applies to this case because none of the defendant police officers are liable to the plaintiff. Fraser v. Henninger, supra, 56; Wu v. Fairfield, supra, 438.
The motion to strike both counts of the complaint is granted.
ROBERT A. FULLER, JUDGE