[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE COUNTERCLAIM
FACTS
This action arises out of an accident which occurred on September 7, 1988, in which Michael Dunn, an employee of the intervening plaintiff and defendant on the counterclaim, Guardian Waterproof System (hereinafter referred to as "Guardian"), was injured while in the process of performing construction work. The plaintiff sued the general contractor, Schnip Building Company (hereinafter referred to as "Schnip"), and subcontractors F J Construction Corporation and Alpha of Connecticut Welding Fabrication. Guardian filed an intervening complaint to seek reimbursement of the workers' compensation benefits paid to the plaintiff.
Schnip has brought a two-count counterclaim against Guardian. In its first count, Schnip seeks to enforce an agreement to indemnify and hold harmless which was a part of the contract entered into between Schnip and Guardian. The second count states that Guardian was in control of the situation to the exclusion of Schnip, that the negligence of Guardian was the direct immediate cause of the accident and resulting injuries while Schnip's negligence was passive. Guardian seeks to strike both counts.
MOTION TO STRIKE
Whenever any party wishes to contest the legal sufficiency of a complaint, that party may do so by filing a motion to strike the contested pleading or part thereof. Connecticut Practice Book Section 152 (rev'd to 1989). In ruling on a motion to strike, the court is limited to the facts alleged in the addressed pleading. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988); Fraser v. Henninger, 173 Conn. 52, 60 (1977). In ruling on a motion to strike, the court is also limited to the grounds raised in the motion. Blancato v. Feldspar Corporation, 203 Conn. 34, 44
(1987).
In considering a motion to strike, the court construes the allegations in a manner most favorable to the pleader. Id. at 36. All well pleaded facts are admitted as true, but neither legal conclusions nor the truth or accuracy of opinions are admitted. Mingachos v. CBS, Inc., 196 Conn. 91,108 (1985). If the facts provable under its allegations CT Page 656 support a defense or a cause of action, the motion to strike must fail. Id. at 109.
 GUARDIAN'S CLAIM THAT CONNECTICUT GENERAL STATUTES SECTION 52-572k
IS A DEFENSE TO THE FIRST COUNT
Section 52-572k states in part as follows:
 (a)(A)ny covenant, promise, agreement or understanding entered into in connection with or collateral to a contract or agreement relative to the construction, alteration, repair or maintenance of any building, structure or appurtenances thereto, including moving, demolition and excavating connected therewith, that purports to indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to person or damage to property caused by or result from the sole negligence of such promisee, his agents or employees, is against public policy and void, provided this section shall not affect the validity of any insurance contract, worker's compensation agreement or other agreement issued by a licensed insurer. (emphasis provided)
These are three requirements in order for Section 52-572k to be applicable: (1) it must arise out of a construction contract; (2) the contract of indemnity must purport to indemnify the promisee (Schnip) for damages arising out of bodily injury or damage to property; and (3) the damages must be caused by or result from the sole negligence of the promisee (Schnip).
The parties are in agreement that the first two requirements are met in this case. The parties' dispute is as to whether the first count of the counterclaim against Guardian seeks indemnification for injury resulting from the sole negligence of Schnip as required by the statute.
Guardian makes the following claim in support of the argument that the third element of Section 52-572k is met:
 Guardian is not a defendant in the primary action brought by the plaintiff, since the Workers' Compensation Act bars a direct action against the employer. C.G.S. CT Page 657 Sec. 31-293. Any finding of negligence against Schnip, therefore, would necessarily exclude any negligence on the part of Guardian. Thus, any negligence against which the agreement seeks to indemnify, is negligence on the part of Schnip and not Guardian: its sole negligence. As such, C.G.S. Sec. 52-572k
bars this action.
 The critical issue is whether the liability for which the indemnitee is exposed is its own negligence, and not someone else's. In this case, the former situation applies, not the latter.
 The essential issue is whether the word "sole" in Sec. 52-572k means the only negligent party in the world, or the indemnitee's negligence as compared to the indemnitor's negligence. It is submitted that the latter interpretation reflects the legislative intent. Construction projects involve a high risk of injury. This statute encourages contractors to be concerned with safety, by piercing the shield of indemnity.
 That public policy underlying the statute applies with equal force to the situation in Hatton (where only the indemnitee was sued) to the facts here (where others were sued). The point is that if Schnip is held negligent, it should not be allowed to insulate itself from financial responsibility by invoking the contract. The contract is unenforceable pursuant to C.G.S. Sec. 52-572k.
The first count of the amended counterclaim against Guardian alleges the following:
(1) In effect, at the time of this accident there was a contract between Schnip Building Company (hereinafter Schnip) and the intervening plaintiff, Guardian Waterproof System (hereinafter Guardian).
(2) By the terms of that contract, Guardian agreed to indemnify and hold harmless Schnip from and against all CT Page 658 claims arising out of the work of the contract.
(3) Plaintiff Michael Dunn claims to have been injured while working on the roof of the building described in the aforesaid contract.
(4) Wherefore, Schnip claims the right to reimbursement and indemnification pursuant to said contract for all expenses including attorneys' fees incurred in the defense of claims brought by the plaintiffs Michael and Lisa Dunn, and for any award or verdict rendered in Dunn's favor against Schnip.
Schnip makes the following argument in opposition to the motion to strike count one of the amended counterclaim:
 The contract agreement provided that would be indemnified for damages arising out of bodily injury. However, Schnip's counterclaim does not seek indemnification for injuries resulting from the sole negligence of Schnip as required by the statute. Rather, Schnip's seeks indemnification for the negligence of Guardian whom plaintiff is barred from suing under the Workers' Compensation Act, C.G.S. Section 31-293.
The difficulty with the arguments of the respective parties is that the first count of the amended counterclaim does not allege whether the basis of the claimed indemnification arises out of injuries resulting from the sole negligence of Schnip or injuries resulting from the negligence of Guardian.
In ruling on a motion to strike, the Court is limited to the grounds raised in the motion. Blancato, supra. The grounds alleged in the motion to strike is that "52-572k renders the contract valid in the first count unenforceable."
The facts alleged, construed in the manner most favorable to the pleader, could support a cause of action based on indemnification for the negligence of Guardian. The motion to strike the first count is therefore denied.
 GUARDIAN'S CLAIMS THAT THE SECOND COUNT IS BARRED BY THE WORKERS' COMPENSATION ACT
Connecticut General Statutes Section 31-284 (a) CT Page 659 provide in part as follows:
 An employer shall not be liable to any action for damages on account of personal injuries sustained by an employee arising out of and in the course of his employment. . . . All rights and claims between employers and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter. . . .
The general rule is that there is no right of indemnity between joint tortfeasors. Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). An exception to this general rule exists where the primarily liable tortfeasor owes an independent legal duty to the secondarily liable tortfeasor. In Ferryman v. Groton, supra, 144-145, the court stated as follows:
 "When the third party, in a suit by the employee, seeks recovery over against a contributorily negligent employer, contribution (or indemnification) is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. The right to indemnity is clear when the obligation springs from a separate contractual relation, such as an employer-tenant's express agreement to hold the third-party landlord harmless, or a bailee's obligation to indemnify a bailor, or a contractor's obligation to perform his work with due care; but when the indemnity claim rests upon the theory that a `primary' wrongdoer impliedly promises to indemnify a `secondary' wrongdoer, the great majority of jurisdictions disallow this claim." 2A A. Larson, supra, Sec. 76.
CT Page 660
Guardian argues that while it and Schnip have a contractual relationship that the second count makes no reference to the contract and is based only on common law principles of active/passive negligence and therefore should be stricken.
Paragraph 8 of the second count incorporates paragraph 4 from the first count. Paragraph 4 from the first count alleges that Schnip claims the right to reimbursement and indemnification "pursuant to said contract." "In ruling on a motion to strike, the court must construe the facts alleged" in a pleading in the manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273, 278, 555 A.2d 1073 (1988). In construing paragraph 8 of the second count, which incorporates paragraph 4 of the first count, and in construing paragraph 4 of the first count that refers "pursuant to said contract," in the manner most favorable to the pleader, the Court construes "pursuant to said contract" to be the contract referred to in paragraph 2 of the first count which alleges that Guardian agreed to indemnify and hold Schnip harmless from and against all claims arising out of the work of the contract. This Court therefore finds that the second count does allege a contract of indemnity between Schnip and Guardian. The contract of indemnity between Guardian and Schnip imposed an independent duty upon Guardian for the benefit of Schnip. Such an independent duty allows recovery in the form of indemnity. Therefore, the motion to strike the second count is denied.
AXELROD, J.