[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE FIRST SPECIAL DEFENSE (#114.00)
This action results from a collision between a police vehicle and a truck owned and operated by the plaintiff, Frank Lee. Lee brought his amended complaint in three counts, reciting personal injuries which resulted from the collision. The first count sounds in negligence against the police officer driver, Charles Perez. The second count claims indemnification of Officer Perez by the defendant City of Norwalk pursuant to Conn. Gen. Stat. 7-465. Count three recites a loss of consortium claim on behalf of Miriam Lee, wife of Frank Lee.
The defendants filed their answer and two special defenses on October 1, 1990. The first special defense stated: "The Defendants are entitled to governmental immunity pursuant to common law and C.G.S. 52-557n." The second special defense claims that Officer Perez had the right of way pursuant to Conn. Gen. Stat. 14-283.
The plaintiff now moves to strike the defendants' first special defense on the ground that the special defense is insufficient as a matter of law. Both parties filed memoranda of law.
A motion to strike challenges the legal sufficiency of a pleading. Conn. Practice Bk. 152 (1990). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). The court must construe the attacked pleading in the manner most favorable to the pleader." Blancato v. Feldspar Corporation,203 Conn. 34, 36 (1987). "Municipalities do, in certain circumstances, have governmental immunity from liability." Murphy v. Ives, 151 Conn. 259, 264 (1963). A municipality is immune from liability for the performance of governmental (discretionary) acts as distinguished from ministerial acts. Evon v. Andrews, 211 Conn. 501, 505 (1989).
"[I]n a suit under 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual. Wu v. Fairfield, 204 Conn. 435, 438 (1987). Conn. Gen. Stat. 52-557n states in pertinent part:
[A] political subdivision of the state shall be CT Page 5658 liable for damages to persons or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent acting within he scope of his employment or official duties;. . .(2) Except . . . a political subdivision of the state shall not be liable for damages. . . caused by (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law.
Conn. Gen. Stat. 52-557n.
 The issue of municipal liability may . . . turn upon whether the specific act in issue was ministerial or discretionary. (citation omitted) "When municipalities are engaged in proprietary or ministerial activities, their actions are not considered governmental and, accordingly, they do not enjoy immunity from negligence resulting from such activities. (citations omitted) A "ministerial" act, as opposed to a "discretionary" act, "'refers to [one] which is to be performed in a prescribed manner without the exercise of judgment or discretion.'" Fraser v. Henninger, 173 Conn. 52, 60, 376 A.2d 406 (1977), quoting Wright v. Brown, 167 Conn. 467, 471, 356 A.2d 176 (1975).
Roman v. Stamford, 16 Conn. App. 213, 221 (1988). "Whether the acts complained of were governmental [discretionary] or ministerial is a factual question which depends upon the nature of the act complained of. (citations omitted)." Gauvin v. New Haven, 187 Conn. 180, 186 (1982).
The plaintiffs argue in their memorandum of law in support of their motion to strike that they alleged negligence on the part of Officer Perez in the operation of his police car, and that operating a police car is a ministerial act, for which a municipality may be derivatively liable.
In their argument, the plaintiffs claim that governmental immunity doesn't apply to ministerial acts. The plaintiffs rely on Letowt c. City of Norwalk, 41 Conn. Sup. 402 (1989), for the proposition that a police officer driving a police car within the scope of his employment is performing a ministerial act and this the municipality could be held liable for the police officer's negligence. In Letowt the police officer was driving to the scene of an accident. The court in Letowt utilized the analysis of the Rhode Island Supreme Court in Catona v. Medbury,555 A.2d 328, 334 (R.I. 1989), wherein that court made the distinction "between activities that only a municipal employee CT Page 5659 may perform." Letowt, 41 Conn. Sup. at 405. The court concluded that "the activities of the police officer in driving her car to the scene of an accident represented the performance of ministerial acts" Id. at 406.
The defendants argue that, when they raised Conn. Gen. Stat. 52-557n as the special defense of governmental immunity, that special defense "necessarily implied. . .the factual allegation that the operation of the vehicle by the defendant officer was a discretionary act. . .[and] must be deemed admitted by the Plaintiff." Defendant's memorandum at 3. The defendants further argue that their second special defense, that the officer had the right of way, supports their contention that he was operating the police car in response to a police emergency, thereby supporting their argument for a discretionary act. They rely on the case of Boone v. Mills, 2 Conn. L. Reptr. 495 (November 12, 1990) (a police officer's decision to engage in pursuit of a vehicle is discretionary and therefore claims for resulting injuries to third parties are barred by sovereign immunity.)
It is found that the defendants are arguing facts in opposition to the motion that have not been sufficiently pled in the special defense and are not necessarily implied in the special defense. "The court cannot consider such extraneous material on a motion to strike." Connecticut State Oil Co., Inc. v. Carbone, 36 Conn. Sup. 181, 183 (Super.Ct. 1979). The defendants have failed to allege sufficient facts to support a special defense of governmental immunity. Accordingly, the motion to strike defendant's first special defense is granted.
KARAZIN, J.