[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff moves to strike defendants' third special defense of governmental immunity as legally insufficient and defendants' fourth special defense of collateral estoppel as it pertains to plaintiff's statutory claim.
Plaintiff Robert Namnoum, a tenured teacher employed by the Granby Board of Education ("Board"), brings this action against the defendant Board and its Superintendent of Schools, defendant, Ralph Wallace. Plaintiff's second amended complaint' is in three counts. The first count alleges that plaintiff's five day suspension without pay deprived him of his federal constitutional right to due process of law in violation of42 U.S.C. § 1984, because the suspension was not preceded by a hearing before the Board. The second count alleges that such suspension deprived plaintiff of his right to due process under the Connecticut Constitution for the same reason set forth in count one. The third count alleges that plaintiff's suspension was in violation of General Statutes 10-151, 10-220 and10-241.
In their revised answer to the second amended complaint, defendants deny the allegations and also set forth four special defenses. In response to defendants' special defenses, plaintiff has filed the present motion to strike. Pursuant to Practice Book 155, plaintiff has filed a memorandum of law in support of the pending motion and defendants have filed an opposing memorandum of law.
It should be noted that at oral argument on October 7, 1991, the court, Hennessey, J., struck defendants' first special defense, and the defendants abandoned the second special defense. In the third special defense, which applies to plaintiff's second and third counts, the defendants claim governmental immunity pursuant to General Statutes 52-557n. The fourth special defense applies to each of plaintiff's claims. In that CT Page 1026 defense, defendants allege that because factual and legal issues raised by plaintiff have already been resolved in an arbitration proceeding pursuant to the collective bargaining agreement between plaintiff's exclusive bargaining representative and defendant Board, plaintiff's claims are barred by the doctrine of collateral estoppel.
"The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1982). The court must construe the facts in the [pleading] in the manner most favorable to the nonmoving party. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). If the facts provable under the pleadings would support a defense or a cause of action, the motion to strike must fail. Mingachos v. C.B.S., Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985).
While "[a] municipality itself was generally immune from liability for its tortious acts at common law; Ryszkiewicz v New Britain, 193 Conn. 589, 593, 479 A.2d 793 (1984); . . . its employees faced the same personal tort liability as private individuals." Gordon v. Bridgeport Housing Authority, 208 Conn. 161,165, 544 A.2d 1185 (1988). "[A] municipal employee [however,] has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act." Fraser v. Henninger, 52, 60, 376 A.2d 406 (1977). So long as the discretionary acts are not performed maliciously, wantonly or in an abuse of discretion, an exception to liability exists. Gordon, supra, 166.
The defendants assert in their third special defense, which is directed to counts two and three of the plaintiff's complaint, that in suspending the plaintiff, they acted in good faith in a discretionary capacity and are therefore immune from liability. In their memorandum of law in opposition to the plaintiff's motion to strike, the defendants contend that the immunity that they claim emanates from the common law and General Statutes 52-557n, which states in pertinent part that:
 (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function or the authority expressly or impliedly granted by law.
The defendants argue that they have the authority to maintain the school system and control its employees pursuant to General CT Page 1027 Statutes 10-220 and that this authority includes the ability to discipline all of the school system's employees. The defendants argue that in disciplining the plaintiff, they owed him no special duty but were acting on a duty owed to the public.
The plaintiff moves to strike the defendants' third special defense on the ground that it is not a legally sufficient defense "because governmental immunity may not be asserted by a municipality for the performance of discretionary acts by a municipality where, as here, an individual, not a public, duty was breached." Plaintiff argues that his suspension without a prior hearing before the defendant Board involved a duty owed to him rather than an obligation to the public in general.
The plaintiff has not alleged in his complaint any negligence on the part of the defendants. The plaintiff appears to allege in count two that his suspension by defendant Wallace, without a prior hearing before the Board, was pursuant to a policy/decision or the Board, which policy violated his rights to due process under article 1 8 of the Connecticut Constitution.
Section 52-557n(a)(2)(B) of the General Statutes, which provides immunity to a municipality for negligent acts or omissions requiring the exercise of judgment or discretion has no application to the constitutional claim raised by the plaintiff in count two. Governmental immunity is not a legally sufficient defense to the plaintiff's claim of deprivation of his due process rights under the Connecticut Constitution. Accordingly, plaintiff's motion to strike the defense of Governmental immunity as it applies to count two is granted.
The defendants' third special defense also addresses the plaintiff's allegation in count three that his suspension was in violation of General Statutes 10-151. Section 10-151 outlines the procedure to be followed by boards of education in terminating contracts of employment of teachers. Although the plaintiff has not alleged sufficient facts to support his conclusion that his suspension by defendant Wallace without pay and without a prior hearing before the Board violated 10-151, the defense of governmental immunity would be insufficient to defeat an action brought for failure to grant a hearing requested pursuant to the statute. Accordingly, the plaintiff's motion to strike the defendants' third special defense as to the statutory claim in count three is granted.
Plaintiff argues that defendants' fourth special defense of collateral estoppel should be stricken because arbitration awards are without preclusive effect in actions brought under42 U.S.C. § 1983 or actions which raise constitutional issues. CT Page 1028 Defendants concede that the doctrine of collateral estoppel does not apply to arbitration decisions involving constitutional issues and 1983 claims; however, defendants contend that the special defense of collateral estoppel is legally sufficient as it pertains to plaintiff's statutory claim.
Because defendants' fourth special defense is a defense only to plaintiff's statutory claim, and plaintiff's arguments do not address the sufficiency of the collateral estoppel defense to its statutory claim, plaintiff has not provided a ground to strike the defendants' fourth special defense. Accordingly, plaintiff's motion to strike defendants' fourth special defense is denied.
SUMMARY
The court grants plaintiff's motion to strike defendants' third special defense as it applies to plaintiff's second count. The court grants plaintiff's motion to strike defendants' third special defense of governmental immunity as it applies to plaintiff's third count.
The court grants the motion to strike defendants' fourth special defense as it applies to plaintiff's first and second counts. The court denies plaintiff's motion as it applies to plaintiff's third count.
M. HENNESSEY, JUDGE