[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant moves to strike count four of the plaintiffs' complaint on the grounds that the plaintiff failed to allege sufficient facts to support a claim for bystander emotional distress.
Plaintiffs, Pamela A. Granger and Frank D. Granger, filed a four-count original complaint dated July 11, 1991 against the defendant Marriott Corporation (hereinafter "Marriott"). Counts one and two, which are brought by the plaintiffs as co-administrators of the estate of the decedent Shawn S. Granger, allege negligence, and wanton, reckless and wilful misconduct, respectively. Counts three and four are brought by plaintiff Pamela A. Granger, individually, and allege loss of consortium and negligent infliction of emotional distress.
In count four, plaintiff Pamela A. Granger alleges the following facts. On or about December 15, CT Page 1909 1990, plaintiff and her husband, the decedent Shawn S. Granger, were business invitees of "Marriott's Cancun Resort," a resort in Cancun, Mexico which is owned and operated by the defendant Marriott Corporation. (Complaint, p. 14, paras. 2, 5, 6). On said date, the decedent became entrapped by the Carribbean's current and/or tide in front of the resort while trying to rescue guests of the resort who were similarly entrapped. (Complaint, p. 15, paras. 7, 8). As a result of the defendant's negligence in failing to provide adequate life saving devices, life guards, or medical personnel, the plaintiff's husband, Shawn S. Granger, drowned. (Complaint, pp. 15-17, paras. 9, 10).
Plaintiff alleges that on the above date she "became aware that her husband was absent and frantically searched for him on the beach directly in front of the resort." (Complaint, p. 17, par. 11). Plaintiff further alleges that she "became aware that a body on the beach was in fact her husband." (Complaint, p. 17, par. 12). Plaintiff alleges that as a result of defendant's negligence, plaintiff has suffered and will suffer extreme emotional distress. (Complaint, p. 17, par. 13).
On October 28, 1991, defendant Marriott filed a motion to strike count four of the plaintiffs' complaint, accompanied by a memorandum of law in support thereof. Defendant moves to strike count four on the ground that Connecticut does not recognize a cause of action for bystander emotional distress.
On November 6, 1991, the plaintiffs filed a memorandum of law in opposition to the defendant's motion to strike, accompanied by the affidavit of plaintiff Pamela A. Granger.
The function of a motion to strike is "to test the legal sufficiency of a pleading." Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545, 427 A.2d 822 (1980). A motion to strike "admits all facts well pleaded." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). (Emphasis in the original). "The court must construe the facts in the complaint most favorably to the plaintiff." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988).
"In deciding upon a motion to strike. . ., a trial CT Page 1910 court must take the facts to be those alleged in the complaint;" (Citations omitted); "and `cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990), quoting Fraser v. Henninger, 173 Conn. 52, 60, 376 A.2d 406 (1977).
In its memorandum of law in support of its motion to strike, defendant argues that there is no cause of action for bystander emotional distress in Connecticut. (Defendant's Memorandum, p. 3). Defendant further argues that even if Connecticut did recognize a cause of action by a bystander for emotional distress, as defined by the California Supreme Court in Dillon v. Legg, 68 Cal.2d 728,69 Cal.Rptr. 72, 441 P.2d 912 (1968), the plaintiff has failed to allege facts sufficient to support the first two prongs of the Dillon test for a bystander emotional distress claim: (1) location near the scene of the accident, and (2) a direct emotional impact from the sensory and contemporaneous observance of the accident. (Defendant's Memorandum, p. 3).
Plaintiffs respond in their memorandum of law in opposition to the motion to strike that "Connecticut does recognize a cause of action by a bystander for negligent infliction of emotional distress." (Plaintiffs' Memorandum, p. 2), and that plaintiff has alleged facts sufficient to support her bystander emotional distress claim under both Dillon, supra, and Thing v. LaChusa, 48 Cal.3d 644, 257 Cal.Rptr. 865,771 P.2d 814 (1989). (Plaintiffs' Memorandum, p. 7).
The leading cases in Connecticut which address the viability of a claim by a bystander for emotional distress are Strazza v. McKittrick, 146 Conn. 714,156 A.2d 149 (1959), Amadio v. Cunningham, 182 Conn. 80,438 A.2d 6 (1980), and Maloney v. Conroy, 208 Conn. 392,545 A.2d 1059 (1988).
In Strazza, supra, a plaintiff mother sought recovery for emotional distress she allegedly suffered as a result of fearing injury to herself and her son when a truck crashed into her rear porch. The Connecticut Supreme Court held that while plaintiff was entitled to recover for emotional distress caused by the fear of injury to herself, "there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another." Strazza, supra, 719. CT Page 1911
In the 1980 medical malpractice case of Amodio, supra, a plaintiff mother sought recovery from defendant physicians for emotional distress she allegedly suffered as a result of witnessing her child's death. The Connecticut Supreme Court thoroughly discussed the California case of Dillon v. Legg, supra, which recognized a cause of action for bystander recovery for emotional distress caused by the negligent infliction of injury upon a third person. However, the court did not explicitly adopt Dillon and stated that "even were we inclined to adopt the approach taken in Dillon and the cases relying thereon, the complaint in the present case would nonetheless fail to state a cognizable cause of action." Amodio, supra, 92.
Finally, in the 1988 malpractice case of Maloney, supra, plaintiff sought recovery for emotional distress she allegedly suffered from observing her mother's health deteriorate under the care of defendants. The Connecticut Supreme Court held that "we are not inclined to follow the lead of the California courts in allowing a bystander to recover for emotional disturbance resulting from malpractice upon another person that a bystander may have observed." Maloney, supra, 397. The court further stated that "[w]hatever may be the situation in other contexts where bystander emotional disturbance claims arise, we are convinced that, with respect to such claims arising from malpractice on another person, we should return to the position we articulated in Strazza. . . ." Id., 402.
Connecticut Superior Court decisions have interpreted these leading cases to both allow bystander emotional distress claims, see, e.g., Short v. Connecticut, 4 CTLR 94 (May 13, 1991, Schimelman, J.); Salvadori v. Rivera, 4 CTLR 20 (May 2, 1991, Lewis, J.); Lawrence v. Sniffen, 3 CTLR 354 (February 21, 1991, Ryan, J.); Robson v. Schoenster, 3 CTLR 351
(February 21, 1991, Ryan, J.); Trapp v. W.H. Co-op Marina, 3 CTLR 49 (December 18, 1990, Schimelman J.); Spencer v. Colby, 3 CSCR 276 (February 2, 1988, Hennessey, J.) and to bar bystander recovery for emotional distress, see, e.g., Silva v. Carlson,5 CTLR 433 (January 9, 1992, Mihalakos, J.); Messina v. Vellafonck, 5 CTLR 329 (December, 11, 1991, Gray, J.) Carter v. Shaw, 5 CTLR 248 (November 25, 1991, Fracasse, J.); Uricheck v. Amazing Stores, Inc., 4 CT Page 1912 CTLR 416 (July 31, 1991, Murray, J.); Belanger v. Glastonbury, 3 CTLR 623 (April 22, 1991, Freed, J.).
While the Connecticut Supreme Court in Amodio and Maloney did not expressly adopt the Dillon decision, both cases discussed the three factors enunciated in Dillon which must be satisfied in order for a plaintiff to be able to recover under a bystander emotional distress theory:
 `(1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it.
 (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence.
 (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.'
Maloney, supra, 395-96, quoting Dillon v. Legg, supra, 740-41; see also Amodio, supra, 88-89. The three Dillon factors aid in determining "whether the injury to the plaintiff was reasonably foreseeable and thereby gives rise to a duty of care owed by the defendant." Amodio, supra, 88.
In 1989, the California Supreme Court explained and refined the Dillon test in the case of Thing v. LaChusa, supra. The court in Thing, supra held that
 a plaintiff may recover damages for emotional distress caused by observing the inflicted injury of a third person if, but only if, said plaintiff: (1) is closely related to the injury victim; (2) is present at the scene of the injury producing event at the time it occurs and is then aware that it is causing injury to the victim; and (3) as a result suffers serious emotional distress — a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstances.
CT Page 1913
Id., 829-30. The Dillon factors, as refined by Thing, constitute the necessary elements of a bystander emotional distress claim.
In the case at bar, plaintiff fails to allege sufficient facts in her complaint to support the second element of Thing: that she was "present at the scene of the injury producing event at the time it [occurred] and [was] then aware that it was causing injury to the victim." Thing, supra, 829. While plaintiff does allege that she "became aware that her husband was absent and frantically searched for him on the beach directly in front of the resort," (Complaint, p. 17, par. 11), and that she "became aware that a body on the beach was in fact her husband, the decedent, Shawn S. Grange," (Complaint, p. 17, par. 12), plaintiff fails to allege that she was present when the decedent was entrapped by the tide and/or current which caused the decedent's death.
In plaintiffs' memorandum of law in opposition to the motion to strike, plaintiff argues that the injury producing event "was ongoing and certainly did not conclude when the decedent was removed from the Caribbean Sea." (Plaintiffs' Memorandum, p. 8).
We conclude in reviewing the allegations of count four, that the plaintiff fails to allege sufficient facts to support the second prong of a bystander emotional distress claim under Thing, supra. Accordingly, defendant's motion to strike count four is granted.
MARY R. HENNESSEY, JUDGE