[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
BACKGROUND
Plaintiff, Francisco L. Borges, State Treasurer, commenced this action on November 20, 1991 by way of a four-count complaint against defendant, Greenwich Federal Savings and Loan Association. On March 16, 1992, defendant filed a motion to strike counts one, three and four of plaintiff's complaint. Plaintiff filed a memorandum in opposition on October 9, 1992, defendant filed a reply on November 16, 1992, and the matter was heard before the court on November 16, 1992.
Generally, count one alleges that defendant is a holder CT Page 1121-O of abandoned property in the amount of $5,090.98, representing checks that defendant drew on its own accounts which have remained uncashed for more than three years. Plaintiff also maintains that defendant owes plaintiff interest on the aforesaid sum in the amount of $8,778.04. Count three alleges that defendant owes plaintiff $81,233.50, and interest in the amount of $30,219.87, representing service charges defendant unlawfully imposed upon "demand or savings deposits which were reportable and deliverable to the plaintiff as abandoned property under Conn. Gen. Stat. [section] 3-57a(a)." Count four alleges that defendant owes plaintiff $5,177.23, representing an "unlawful `escheat' or processing charge included to each account or item before delivery to the plaintiff . . ." and interest in the amount of $6,442.64. Plaintiff alleges that on several occasions he made demand on defendant and had requested the delivery of said funds, but that defendant refused and neglected to deliver the funds to plaintiff.
MOTION TO STRIKE
The motion to strike tests the legal sufficiency of a pleading. (Citation omitted). Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989); Practice Book section 152. When ruling on a motion to strike, the court is restricted to the alleged facts, and the court must construe those facts in the light most favorable to the nonmoving party. (Citations omitted). Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988). If the facts provable under the pleadings would support a defense or a cause of action, the motion to strike must fail. (Citation omitted). Mingachos v. CBS, 196 Conn. 91,109, 491 A.2d 368 (1985).
I. COUNT ONE
A. Arguments
Defendant maintains that count one does not state a cause of action because it is premised on General Statutes section 3-64a, which is inapplicable to the instant action.[1]
Defendant observes that section 3-64a provides that property that remains unclaimed for three years is presumed abandoned; however, defendant emphasizes that section 3-64a is applicable only to "`property not otherwise provided for or CT Page 1121-P excluded from this part.'" Defendant's Memorandum in Support, p. 4. Defendant contends that the checks constitute "property" that is governed by another section of the escheat statute, General Statutes section 3-57a, and that section3-57a(a)(4) provides, in part, that "`any sum payable on [checks issued in Connecticut] on which a [financial institution] is directly liable . . . which has been outstanding for more than five years from the date payable, or from the date of its issuance if payable on demand' must be escheated to the State."[2] Defendant's Memorandum in Support, p. 4. Defendant argues that, pursuant to Connecticut's Uniform Commercial Code, it remains directly liable on the check. Defendant maintains that, in accordance with General Statutes section 42a-3-409(1), "a check does not operate as an assignment of funds in the hands of a drawee and the drawee is not liable on the check until the drawee accepts the check[,]" and "until a check is accepted, the drawer remains liable and is deemed to have promised that it will, upon dishonor of the check, pay it." Defendant's Memorandum in Support, p. 5, citing General Statutes section42a-3-413(2). Defendant reasons that, since the checks were drawn on defendant's own accounts, defendant "remains directly liable on them until they are accepted by their drawees." Defendant's Memorandum in Support, p. 55. Accordingly, defendant concludes that the checks, as "direct obligations" of defendant are governed by section3-57a(a)(4), not section 3-64a, and that "it is not required to remit the abandoned property for escheat until five years have elapsed." Defendant's Memorandum in Support, p. 5.
Plaintiff counters that General Statutes section 3-64a, which provides for a three-year waiting period, is the applicable provision. Plaintiff maintains that defendant is not "directly liable" on the checks because the subject checks are not written instruments such as "`certificates of deposit, money orders, drafts and traveler's checks[,]'" therefore, the checks do not fall within the ambit of section3-57a. Plaintiff's Memorandum in Opposition, p. 4. Plaintiff maintains that "[t]his issue necessarily involves proof relating to the nature of the checks involved. The Treasurer should be allowed to produce evidence concerning the checks in issue, and the Court must determine the nature of the instruments before any decision is made regarding the sufficiency of the cause of action." Plaintiff's Memorandum CT Page 1121-Q in Opposition, pp. 4-5.
B. Discussion
In ruling on a motion to strike, the "trial court must take the facts to be those alleged in the complaint"; and the court "`cannot be aided by the assumption of facts not therein alleged.'" (Citations omitted). Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." Id., 348 (citing Fraser v. Henninger, 173 Conn. 52, 60, 376 A.2d 406 (1977). Accordingly, whether count one of plaintiff's complaint should be stricken for a failure to state a cause of action under section 3-64a will depend upon whether plaintiff has alleged sufficient facts to enable the court to determine the nature of the instruments held by defendant.
In count one, plaintiff described the alleged "abandoned property" as "various checks the defendant has drawn on its own accounts which have remained uncashed for at least three years from the date they were drawn . . ." Complaint, count one, para. 5. Plaintiff further describes the property as "funds in the amount of $5,090.98 representing checks drawn by the defendant which have been unpaid for more than three years." Complaint, count one, para. 8.
The legal grounds for defendant's motion to strike hinge upon "underlying facts" concerning the exact nature of the held checks, and such facts have not been alleged in plaintiff's complaint. The nature of the checks is a matter of proof. Accordingly, the "defendant must await the evidence which may be adduced at trial, and the motion should be denied." Liljedahl Bros., Inc. v. Grigsby, supra, 348.
II. COUNTS THREE AND FOUR
A. Arguments
Defendant also moves to strike counts three and four of the complaint. Defendant moves to strike count three, CT Page 1121-R arguing that General Statutes section 3-57a "explicitly provides that the institution may withhold lawful charges before remitting the abandoned funds." Defendant's Reply Memorandum, p. 6. Defendant further argues that count three should be stricken on the ground that "insofar as [the statute] purports to prohibit Greenwich Federal from collecting service charges on accounts before the time elapses when the accounts became abandoned and must be escheated . . ." "the statute "is unconstitutional under Article VI of the United States Constitution and the doctrine of federal preemption since the federal government has the sole authority to regulate federally chartered savings and loan associations." Defendant's Motion to Strike, pp. 2-3.
In addition, defendant moves to strike count four of the complaint because it contends that General Statutes section3-57a expressly allows defendant, prior to the time that the property becomes abandoned and must be escheated, to deduct lawful charges on accounts. Defendant's Memorandum in Support, p. 7. However, defendant maintains that "insofar as [the statute] purports to prohibit Greenwich Federal from charging an escheat or processing charge on accounts before they became abandoned and must be escheated to the State . . ." the statute "is unconstitutional under Article VI of the United States Constitution and the doctrine of federal preemption. . . ." Defendant's Motion to Strike, pp. 2-3.
Plaintiff maintains that counts three and four state a cause of action under General Statutes section 3-56a, et seq. because defendant "imposed service and `escheat' charges on dormant accounts, with no notice or inadequate notice to depositors, until the account balances were reduced to zero." Plaintiff's Memorandum in Opposition, p. 6. Thus, plaintiff contends that the service charges were inlawfully withheld in derogation of contract law, and, in the alternative, that the charges were imposed in violation of General Statutes section36-27a, (Connecticut's Deposit Account Contract Act).
Plaintiff also argues that the federal preemption doctrine does not preclude him from pursuing his claim that the service and escheat charges levied by defendant on dormant accounts is unlawful. Plaintiff argues that there is no conflict between the applicable state law and the pertinent federal regulatory scheme, and he emphasizes that CT Page 1121-S nothing "stands as an obstacle to the accomplishment and execution of congressional objectives inherent in the regulation, as required for the Court to find preemption." (Citation omitted). Plaintiff's Memorandum in Opposition, p. 9.
B. Discussion
In pertinent part, plaintiff alleges that "defendant presently holds funds . . . which represents service charges the defendant unlawfully imposed upon demand or savings deposits which were reportable and deliverable to the plaintiff as abandoned property under Conn. Gen. Stat. [section] 3-57a(a). Complaint, Count Three, para. 7. In addition, plaintiff asserts that "defendant has applied an unlawful `escheat' or processing charge included to each account or item before delivery to the plaintiff under chapter 32 of the Connecticut Statutes." Complaint, Count 4, para. 5.
Whether counts three and four should be stricken on the ground that these counts fail to state a claim under General Statutes section 3-57a(a) will depend upon whether the service and escheat charges levied on the subject accounts were imposed in an unlawful manner, and whether such charges were levied unlawfully will depend upon whether the charges were imposed in accordance with General Statutes section36-27a, et seq., the Deposit Account Contract Act.
Therefore, the legal grounds for defendant's motion to strike depend upon "underlying facts" regarding the nature of the alleged "unlawful" imposition of such charges, facts that are not asserted in plaintiff's complaint. Whether these charges were unlawfully imposed is a matter of proof. Accordingly, the motion to strike counts three and four on this ground is denied. See Liljedahl Bros. Inc. v. Grigsby, supra, 348; Fraser v. Henninger, supra, 60.
In addition, defendant's motion to strike counts three and four on the ground of unconstitutionality is denied.
The issue of preemption is one of federal law, and deciding whether Congress has exercised its preemptive power over state law is a question involving legislative intent. CT Page 1121-T Serrano v. Serrano, 213 Conn. 1, 5, 566 A.2d 413 (1989). "[A]bsent an explicit statement that Congress intends to preempt state law, courts should `infer such intent where Congress has legislated comprehensively to occupy an entire field of regulation, leaving no room for the States to supplement federal law, or where the state law at issue conflicts with federal law, either because it is impossible to comply with both, or because the state law stands as an obstacle to the accomplishment and execution of congressional objectives.'" (Internal citations omitted). Id., 5. "Thus, the mere fact that federal legislation regulates a particular commercial field or transaction does not mean that state laws are preempted." Riverbridge Assoc. v. Chase Manhattan, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 28 95 70 (September 9, 1992) (citing to Griffin Hospital v. Commission on Hospitals Health Care, 200 Conn. 489,494-95, 512 A.2d 199 (1989). In addition, a party challenging a statute on constitutional grounds "must establish its unconstitutionality beyond a reasonable doubt[,]" because a statute bears "a strong presumption of constitutionality. . . ." Calfee v. Usman, 224 Conn. 29,33, ___ A.2d ___ (1992).
Defendant's motion to strike on the ground of preemption is denied. There is no apparent conflict between Connecticut's escheat statute and the authority of a federal savings and loan institution to "establish classes of accounts and specify terms and conditions for such classes of accounts." 12 C.F.R. § 545.11. As discussed, supra, section 3-57a provides for the escheat of unclaimed bank accounts, and subsection (a)(1) excludes "any charges that lawfully may be withheld," and this provision is not facially inconsistent with the federal regulatory scheme. In addition, whether or not the charges imposed by defendant were lawful or unlawful goes directly to the merits of counts three and four of plaintiff's complaint, and it is inappropriate for the court to address said merits on a motion to strike.
CONCLUSION
Defendant's motion to strike is denied in its entirety.
Richard A. Walsh, J. CT Page 1121-U