[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO STRIKE
On February 2, 1993, the plaintiff Lemmie Dawson filed a revised two-count complaint. The first count is a claim of negligence directed at the State of Connecticut pursuant to the provisions of Conn. Gen. Stat. 52-556.[1] The second count is a claim of negligence directed at McCullough in his individual capacity. In the second count, it is alleged that on January 23, 1993, the plaintiff, Lemmie Dawson, was operating a motor vehicle in a southerly direction on Route 25 in Bridgeport, Connecticut when his vehicle was struck from behind by a vehicle operated by the defendant, Matthew McCullough. It is further alleged that the plaintiff-suffered injuries as a result of the collision.
The defendant McCullough filed a motion to strike the second count of the revised complaint, and supporting memorandum of law, on the ground that the second count fails to state a claim upon which relief can be granted, Practice Book 152(1), because he is afforded immunity pursuant to Conn. Gen. Stat. 4-165. Thereafter, the plaintiff filed an objection to the motion to strike along with a supporting memorandum of law claiming that immunity under section 4-165 is a question of fact to be resolved by the trier.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). A motion to strike is properly used to contest the legal sufficiency of the allegations of any complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988).
A motion to strike "admits all facts well pleaded: it does not admit legal conclusions of the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos,196 Conn. at 108. "In deciding upon a motion to strike . . ., a trial court must take the facts to be those alleged in the complaint; . . . and `cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros. Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). When a motion to strike is addressed to a particular count of a complaint, it is tested only by the facts alleged in the count to which it is addressed. Fraser v. Henninger,173 Conn. 52, 60, 376 A.2d 406 (1977). The court must construe the count "in the manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991), citing Michaud v. Wawruck, 209 Conn. 407, 408,551 A.2d 738 (1988). Where the facts provable under the allegations CT Page 5980 would support a cause of action, the motion to strike must be denied. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989).
The defendant's motion to strike the second count is premised on the claim that General Statutes 4-165 affords him immunity from personal liability and therefore bars the plaintiff's cause of action. Ordinarily, such a bar should be raised by way of special defense. See Sullivan v. State, 189 Conn. 550, 551, 457 A.2d 304
(1983). The mixed questions of fact and law that such a claim raises make it inappropriate for a motion to strike, "which is limited strictly to whether a pleading states a legally cognizable cause of action." Kelvin Corp. v. Foley, 7 Conn. L. Rptr. No. 2, 64 (Lewis, J.) (Aug. 3, 1992); see Lavergne v. Lakeridge Association, Inc., 7 Conn. L. Rptr. No. 14, 409, 410 (Pickett, J.) (Oct. 26, 1992).
Section 4-165 provides, in pertinent part, that "[n]o state officer or employee shall be personally liable for damages or injury, not wanton reckless, or malicious, caused in the discharge of his duties or within the scope of his employment." Being both in derogation of sovereignty and of private rights, this section is strictly construed. McKinley v. Musshorn, 185 Conn. 616, 621, A.2d (1981); Spring v. Constantino, 168 Conn. 563, 570,362 A.2d 871 (1975). "[T]he manifest intent of the statute is to limit the liability of the state to acts of its employees arising out of the employer-employee relationship." Id. at 572. Thus, in order for the statute to apply, it must be established that damages or injury were caused by the negligence of a state employee who was acting within the scope of his employment or in the discharge of his duties.
While such allegations are contained in the first count of the revised complaint, they cannot be considered for purposes of the defendant's motion to strike the second count. Fraser v. Henninger, 173 Conn. at 60. The second count alleges only that the defendant operated a motor vehicle in a negligent and careless manner. These allegations are sufficient to state a cause of action. Whether this cause may prove subsequently to be barred by4-165, the plaintiff certainly is permitted to plead alternative theories of liability, and even inconsistent ones, in the same complaint. Practice Book 94, 137. Dreier v. Upjohn Co., 196 Conn. 242,245, 492 A.2d 164 (1985); Devita v. Esposito, 13 Conn. App. 101,105, 535 A.2d 364 (1987). CT Page 5981
Accordingly, for the foregoing reasons, the motion to strike is denied.
LINDA K. LAGER, JUDGE