PETER FRASER *v.* CHARLES E. HENNINGER ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued March 1—decision released April 26, 1977

*Thomas F. Seymour* and *Stephen W. Whalen,* with whom, on the brief, was *Robert M. Owens,* for the appellant (plaintiff).

*James W. Macauley,* town attorney, for the appellees (defendants).

BARBER, J.  The plaintiff's complaint is in two counts.  The first count alleges personal injuries sustained as a result of negligence upon the part of the named defendant, an employee of the town of Greenwich.  The second count purports to allege facts to support a recovery from the defendant town of Greenwich, pursuant to § 7-465 of the General Statutes providing for the assumption of liability for damages caused by municipal employees.[1]  The

---

[1] The statute (Rev. to 1972, as amended) as it existed on the date of the alleged injury read as follows:

"[General Statutes] Sec. 7-465.  ASSUMPTION OF LIABILITY FOR DAMAGE CAUSED BY EMPLOYEES.  Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality, except firemen covered under the provisions of section 7-308, all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for physical damages to person or property, except as hereinafter set forth, if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury

same attorney who entered an appearance for the defendant town of Greenwich also entered an appearance for the defendant employee and filed a statement with the court that the town would pay any verdict rendered in such action against that employee, pursuant to § 7-465, "said employee reserving unto himself any and all defenses which may be available to him." See *Martyn* v. *Donlin,* 148 Conn. 27, 32, 166 A.2d 856; General Statutes § 7-465. The defendants subsequently demurred to the complaint. The court filed a memorandum of decision sustaining the demurrer. The plaintiff did not plead over and judgment was rendered against him. From this judgment the plaintiff has appealed.

The demurrer filed by the defendants sets up more than one ground of demurrer. Our rules of practice require a judge before whom such a demurrer is argued, in rendering a decision thereon, to specify in writing the grounds upon which his decision is based. Practice Book § 114. The only ground discussed in the court's memorandum of decision in this case is the first ground alleged. This

---

or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty. . . . No action for personal physical injuries or damages to real or personal property shall be maintained against such municipality and employee jointly unless such action is commenced within two years after the cause of action therefor arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued. Governmental immunity shall not be a defense in any action brought under this section. In any such action the municipality and the employee may be represented by the same attorney if the municipality, at the time such attorney enters his appearance, files a statement with the court, which shall not become part of the pleadings or judgment file, that it will pay any verdict rendered in such action against such employee. . . ."

ground relates to the statutory notice requirement and is addressed to both the first and the second counts of the complaint.[2]

The second count of the complaint alleged that due notice of the plaintiff's intention to institute this action was given the defendant town under the provisions of § 7-465 and that a copy of that notice was attached. This notice appears to be a written communication to the town clerk of the municipality reciting the time when and the place where the plaintiff, a minor, sustained personal injuries, and some of the surrounding circumstances. The communication further states that the cause of the injuries was "defective and unsafe facilities and negligent supervision of a basketball program by the Recreation Board of the Town of Greenwich," and that the father of the injured minor will look to the town of Greenwich "for damages as provided by law." The purpose of a provision requiring statutory notice of a claim as a condition precedent to bringing an action for damages against the municipality is to give the officers of the municipality such information as will enable them to make a timely investigation of the claim and to determine the existence and extent of liability. *Schaap* v. *Meriden,* 139 Conn. 254, 256, 93 A.2d 152; *Cassidy* v. *Southbury,* 86 Conn. 45, 49, 84 A. 291; 56 Am. Jur. 2d, Municipal Corporations, Counties, and Other Political Subdivisions, § 686. The notice is to be tested

---

[2] "[The defendants demur] 1. To the First and Second Counts on the grounds that: The statutory notice given is defective and is insufficient to support the cause of action against the defendant employee, Charles Henninger, and the defendant Town in that it does not give 'notice of intention to commence such action' 'against such municipality *and employee jointly*' nor does it identify the employee defendant of such action brought against the municipality *and employee jointly*."

with reference to the purpose for which it is required, which is "to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection." *Cassidy* v. *Southbury,* supra. Unless the notice patently meets or fails to meet the requirements of the statute, the question of its sufficiency is a question of fact. *Morico* v. *Cox,* 134 Conn. 218, 223, 56 A.2d 522; see *Judd* v. *New Britain,* 81 Conn. 300, 305, 70 A. 1028; 56 Am. Jur. 2d, op. cit., § 687.

"While § 7-465 provides an indemnity to a municipal employee from his municipal employer in the event the former suffers a judgment under certain prescribed conditions, it is quite clear that the municipality does not assume the liability in the first instance." *Kostyal* v. *Cass,* 163 Conn. 92, 97, 302 A.2d 121. When a plaintiff seeks to take advantage of the statute, the liability of the municipality, but not that of the municipal employee, is dependent upon the giving of proper statutory notice. We have previously held that an injured party may maintain a common-law action against a municipal employee covered by the statute, thereby avoiding those requirements which are unique to recovery under the indemnification statute. *Wakelee* v. *DeSanto,* 152 Conn. 44, 46, 202 A.2d 833; see annot., 71 A.L.R.3d 90, 98 § 2, 148 § 27 (b). The defendants admit that the plaintiff was not required to bring his action under the statute as his sole and exclusive remedy, and that he might have instituted an action against the defendant

employee without joining the municipality. The defendants, however, argue that because this action is brought jointly against the municipality and the municipal employee the two counts of the complaint in effect constitute one cause of action. We do not agree. In the context used in § 7-465, it is clear that the word "jointly" simply means "together with." Webster, Third New International Dictionary. Such a construction is consistent with the remarks on the floor of the House of Representatives indicating that one of the purposes of Public Acts 1973, No. 73-610, which amends § 7-465 in part by adding the word "jointly," was to eliminate any inference that notice need be given to a municipality in an action brought only against an employee. 16 H.R. Proc., pt. 9, 1973 Sess., p. 4172. Accordingly, the provisions of § 7-465 which permit an action to be maintained against the municipality and the employee jointly do not mean that a plaintiff may not proceed against the employee alone if for any reason the plaintiff cannot prevail upon the count alleging facts to support a recovery from the municipality of any judgment obtained against the employee. A plaintiff's failure to sustain his complaint against the municipality is no reason for turning the plaintiff out of court if he can sustain his complaint against the employee. General Statutes § 52-227; *Woodruff* v. *Perrotti,* 99 Conn. 639, 645, 122 A. 452; *Dean* v. *Savage,* 28 Conn. 359; see *Schubert* v. *Ivey,* 158 Conn. 583, 588, 264 A.2d 562.

In an action brought under § 7-465, there is an obvious potential that the interests of a municipality will be antagonistic to those of its employee and, accordingly, it is often the case that the parties should be represented by different counsel. See *Martyn* v. *Donlin,* 148 Conn. 27, 32, 166 A.2d 856.

Where the municipality and the employee nevertheless choose to be represented by the same attorney, § 7-465 requires that the municipality, "at the time such attorney enters his appearance, [file] a statement with the court . . . that it will pay any verdict rendered in such action against such employee." The plaintiff claims that because the municipality has filed a statement in court, as permitted by statute, that it will pay any verdict rendered against the municipal employee, the municipality has no standing to attack the validity of the statutory notice. On demurrer, the court considers the whole record. *Stradmore Development Corporation* v. *Commissioners,* 164 Conn. 548, 551, 324 A.2d 919; *White* v. *Avery,* 81 Conn. 325, 328, 70 A. 1065. We are of the opinion that such a statement constitutes a waiver of the municipality's right to assert any defense which it might have to the second count. See *Novella* v. *Hartford Accident & Indemnity Co.,* 163 Conn. 552, 561, 316 A.2d 394; *Jones Destruction, Inc.* v. *Upjohn,* 161 Conn. 191, 198, 286 A.2d 308. Moreover, we cannot say that the notice, "tested with reference to the purpose for which it is required," was so patently insufficient that its adequacy was a question of law for the court and not one of fact for the jury. *Morico* v. *Cox,* 134 Conn. 218, 223, 56 A.2d 522. As required by § 7-465, the plaintiff's notice specifically set forth the time when and the place where the injuries were sustained. It also set forth the surrounding circumstances of the injuries so that the municipal officers were provided with "such information as will enable them to intelligently investigate the facts upon which the claim is based." *Marino* v. *East Haven,* 120 Conn. 577, 579, 182 A. 225. Although the notice did not use the exact statutory wording that the plaintiff intended

to "commence such action" against the town of Greenwich pursuant to § 7-465, the notice did state that the father of the minor plaintiff "will look to the Town of Greenwich for damages as provided by law." Notice provisions are generally construed liberally in favor of a claimant who is attempting to establish compliance with their terms, and substantial compliance with a statute requiring notice of injury is all that is required. *Flynn* v. *First National Bank & Trust Co.,* 131 Conn. 430, 433, 40 A.2d 770; *Christian* v. *Waterbury,* 123 Conn. 152, 156, 193 A. 602; 56 Am. Jur. 2d, Municipal Corporations, Counties, and Other Political Subdivisions, § 687. The allegations of the notice were not so patently defective that, as a matter of law, they failed to "reasonably protect the interests of the defendant under the particular circumstances of the case." *Schaap* v. *Meriden,* 139 Conn. 254, 256, 93 A.2d 152. The court erred in sustaining the demurrer on the first ground.

Our practice requires that each demurrer shall distinctly specify the reason or reasons why the pleading demurred to is insufficient. Practice Book § 107. While grounds other than those specified should not be considered in passing upon a demurrer; *Cyr* v. *Brookfield,* 153 Conn. 261, 263, 216 A.2d 198; where the trial court sustains a demurrer on erroneous grounds, if another ground of demurrer is well taken, the demurrer will be upheld by this court. *Oppenheimer* v. *Connecticut Light & Power Co.,* 149 Conn. 99, 105, 176 A.2d 63; *Lancaster* v. *Bank of New York,* 147 Conn. 566, 579, 164 A.2d 392; *Turrill* v. *Erskine,* 134 Conn. 16, 19–20, 54 A.2d 494. The third ground of demurrer, addressed only to the first count of the complaint, claims "that any negligence alleged involved discretionary or supervi-

sory functions of the defendant employee, Charles E. Henninger, for which no cause of action has been alleged." In general, a municipal employee has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act.[3] *Pluhowsky* v. *New Haven,* 151 Conn. 337, 347, 197 A.2d 645; *Stiebitz* v. *Mahoney,* 144 Conn. 443, 448, 134 A.2d 71; *Wadsworth* v. *Middletown,* 94 Conn. 435, 439, 109 A. 246; 18 McQuillin, Municipal Corporations (3d Ed. Rev.) § 53.33; Wright & Fitzgerald, Conn. Law of Torts (2d Ed.) § 93. The word "ministerial" "refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." *Wright* v. *Brown,* 167 Conn. 464, 471, 356 A.2d 176.

A demurrer is tested by the facts provable under the allegations of the pleading to which the demurrer is addressed; *DeMello* v. *Plainville,* 170 Conn. 675, 677, 368 A.2d 71; *Broderick* v. *Jackman,* 167 Conn. 96, 99, 355 A.2d 234; *Santoro* v. *Kleinberger,* 115 Conn. 631, 633, 163 A. 107; and cannot be aided by the assumption of any facts not therein alleged. *Wexler Construction Co.* v. *Housing Authority,* 144 Conn. 187, 194, 128 A.2d 540; *Santoro* v. *Kleinberger,* supra. Unsupported conclusions of law are not admitted by a demurrer. *Rossignol* v. *Danbury School of Aeronautics, Inc.,* 154 Conn. 549, 557, 227 A.2d 418. An examination of the first count of the plaintiff's complaint discloses that it

[3] The defendants concede that if the employee's alleged duties can be characterized as ministerial, liability might lie, and in view of our disposition, we do not consider whether § 7-465 has altered the general rule and expanded the liability of municipal employees to situations in which they are performing discretionary duties. See *Lapierre* v. *Bristol,* 31 Conn. Sup. 442, 446, 333 A.2d 710; *Boucher* v. *Fuhlbruck,* 26 Conn. Sup. 79, 83, 213 A.2d 455.

is alleged that the plaintiff sustained injuries while participating in a basketball game as part of a basketball program and tournament in the Greenwich center, but there is no allegation of the ownership or control of the place or of the method of operation. Nor is it patently clear that all of the specified duties of the defendant employee were discretionary or supervisory. In the absence of a proper basis for determining whether the municipal employee was in the performance of a governmental duty, the complaint is not demurrable on the ground that any violation of the duties involved discretionary or supervisory functions. *Cornwall* v. *Hartford,* 107 Conn. 351, 352, 140 A. 723; see *Hoffman* v. *Bristol,* 113 Conn. 386, 387, 155 A. 499. In the absence of such allegations (which would be admitted by demurrer) to establish the basis of the defendants' claim on demurrer, it is necessary to await the evidence which may be adduced upon trial. *Carabetta* v. *Meriden,* 145 Conn. 338, 342, 142 A.2d 727. Under the circumstances, this ground of demurrer cannot be sustained. The other grounds of demurrer are not well taken and we do not discuss them.

There is error, the judgment is set aside and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.