[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS PLEADING #102
The plaintiff, Margaret Wise, alleges the following facts. On March 8, 1987 the plaintiff was driving her car down Washington Boulevard in Stamford towards the intersection with North Street. The car collided with a Stamford police car which was negligently driven by Duncan Stewart. Plaintiff filed a three count complaint, the first count addressed to Duncan Stewart and the last two counts addressed to the City of Stamford ("City"). The second count of the complaint is based on General Statutes Section7-465.
Plaintiff further alleges that the traffic lights at the intersection of Washington and North Street were both showing green. She alleges that this condition constituted a breach of the city's statutory duty to maintain the traffic lights "in a reasonably safe condition" and failure to maintain reasonably safe highways. The third count of the complaint is apparently based on General Statutes Section 131-149.
The defendant moves to dismiss the second and third counts of the complaint on the grounds that the "plaintiff failed to give required statutory notice under Sections 7-465 and 13a-149 of the Connecticut General Statutes."
"A motion to dismiss tests, whether on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624 (1983). The motion to dismiss. . .admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." Barde v. Board of Trustees, 207 Conn. 59,62 (1988) (citation omitted). "Where. . .the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the CT Page 7790 validity of the allegations of the complaint." Id.
The sole basis for defendant's motion to dismiss is that the lack of statutory notice deprives the court of subject matter jurisdiction. "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." LeConche v. Elligers,215 Conn. 701, 709, quoting Shea v. First Federal Savings and Loan Assn. of New Haven, 184 Conn. 285, 288 (1981). This court does have subject matter jurisdiction over this case.
The court in LeConche noted "the established principle that every presumption is to be indulged in favor of jurisdiction." Id. at 709-10 (citation omitted). Further, "recent legislative action in another area counsels caution about reading statutory requirements as jurisdictional." Id. at 713 (the court noted that Public Acts 1988, No. 88-317 overruled judicial decisions which had held that, under the UAPA, technical infirmities deprived the court of subject matter jurisdiction). The failure of sufficient notice in the present case would not deprive the court of subject matter jurisdiction. Accordingly, the motion to dismiss is denied because the lack of notice is properly challenged by a motion to strike. See e.g. Fraser v. Henninger, 173 Conn. 52 (1977).
MEADOW, J.