[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The revised complaint is in eight (8) counts requesting damages for injuries alleged to have been sustained by the plaintiff through the action of the defendants, four police officers of the Hartford Police Department. The defendants have moved to strike certain paragraphs of the First and Fifth Counts CT Page 8576 which allege the action was brought against the defendants both individually and in their official capacity on the ground that the City of Hartford has not been served as a party. The plaintiff has failed to file an objection thereto nor a memorandum of law.
Both the First and Fifth Counts allege a deprivation of the plaintiff's constitutional rights in violation of Title 42 U.S.C. § 1983
and that notice to the City was provided in accordance with G.S. 7-465. The return of service reflects that the City was not served. G.S. 7-465 does not require an injured party to bring the action against the City unless he is seeking the indemnification from the City provided therein. He has a right to bring a common-law action against the employee alone. Fraser v. Henninger, 173 Conn. 52, 56.
Title 42 U.S.C. § 98 provides "Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State. . . . subjects . . . any . . . person within the jurisdiction thereof to the deprivation of any right . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ." "Individual liability for actions taken in the performance of official duties arises only when an officer' knew or reasonably should have known that the action he took within the sphere of official responsibility would violate the constitutional rights of the . . . [individuals] affected, or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury . . .' Wood v. Strickland, 420 U.S. 308,322." Both counts 1 and 5 as pleaded, do set out causes of action by a deprivation of rights under Title 42 U.S.C. § 1983 but obviously, since the City has not been served, there can be no relief under the indemnity of G.S. 7-465 as relief under the indemnity of G.S. 7-465 as alleged in paragraphs 2, 3, 4 and 5 of count 1 that the defendants are being sued in their official capacity. Likewise the allegation that the City was given notice pursuant to G.S. 7-465 as alleged in paragraph 14 in the first count and paragraph 13 in the fifth count fails to set out a cause of action.
Therefore the court grants the motion to strike paragraph 14 of the first count and paragraph 13 of the fifth count and so much of paragraphs 2, 3, 4 and 5 of the first count as allege suit against the defendants in their official capacity.
CORRIGAN, J.