On May 28, 1992, the plaintiff, Rebecca Guendelsberger, ten years old, filed a complaint, through her father, Robert Guendelsberger, against the defendants Ruth Knight and Roberta Guendelsberger. Count one of the complaint is directed against defendant Knight. Count two is directed against defendant Guendelsberger. In that count, the plaintiff alleges, inter alia, that on or about May 12, 1990, defendant Knight temporarily placed her dog in the plaintiff's home under the care of defendant Guendelsberger. Said dog allegedly attacked and bit the minor plaintiff, resulting in injury thereto. The plaintiff alleges that, at the time of the attack, she was neither trespassing nor teasing and tormenting the dog. The plaintiff claims that, pursuant to General Statutes 22-357, defendant Guendelsberger, as "the keeper" of the dog, is liable for the attack and the resulting injuries.
In count three, plaintiff Robert Guendelsberger repeats the allegations set forth in count two and further contends that he is entitled to money he expended as a result of this incident.
On June 19, 1992, defendant Guendelsberger filed a motion to strike the second and third counts of the complaint and attached thereto a supporting memorandum. On July 2, 1992, the plaintiffs filed a memorandum in opposition to the motion to strike.
The motion to strike is provided for in Practice Book 151-158. The motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded". Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). In ruling on the motion to strike, "the court is limited to the facts alleged in the complaint," Gordon v. Bridgeport Hous. Auth., 208 Conn. 161, 170,544 A.2d 1185 (1988), and "`cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990), quoting Fraser v. Henninger, 173 Conn. 52, 60, 376 A.2d 406 (1977). A motion to strike "which relies on matters outside of the complaint is termed [a] `speaking motion' and is improper [and, consequently, cannot be considered by the court]." Kernsco v. Brophy Ahern Dev.,3 CSCR 344 (March 2, 1988. Purtill, J.) See also Liljedahl, supra. Furthermore, the court is required to construe the facts in the CT Page 5547 complaint most favorably to the nonmovant when considering a motion to strike. Gordon, supra.
In both her motion to strike and memorandum in support thereof, the defendant contends that counts two and three of the complaint are legally insufficient because they are brought against the mother of the minor plaintiff, and, as such, the doctrine of parental immunity bars such action. In its opposing memorandum, the plaintiffs rebut this contention.
Because, in her motion and memorandum, the defendant raises the issue of parental immunity through her assertion that she is the minor plaintiff's mother, she has relied upon facts not alleged in the complaint. Indeed, the plaintiff has not alleged that defendant Guendelsberger is the minor plaintiff's mother. This relationship was only raised by the defendant in her motion to strike. Consequently, defendant Guendelsberger's motion to strike constitutes a speaking motion and, as such, is improper. Kernsco, supra, Liljedahl, supra. Whether or not the issue of parental immunity may be determined in a motion for summary judgment is not now before the court. The motion to strike is denied.