[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE (#104)
On June 24, 1992, the plaintiff, William Pollock, d/b/a Arbor Services CT Page 7831 of Connecticut, filed a revised complaint against the defendant, Bush Cook Leasing. The plaintiff alleged, inter alia, that on September 13, 1989, it entered into a lease agreement with the defendant whereby the plaintiff leased a Brush Bandid 200+ chipper ("the chipper") for a period of thirty-seven (37) months. After the chipper was delivered, the plaintiff was informed that said chipper was not registered because the defendant had lost its Connecticut registration privileges. The plaintiff was allegedly unable to register the chipper until June 22, 1990, and consequently, was denied its use for approximately thirteen (13) days, during which the plaintiff was required to pay for said chipper. The plaintiff also alleges that it lost earnings due to its inability to use the chipper during this thirteen day period. Finally, the plaintiff claims that, on June 7, 1990, he was fined $78.00 for towing the unregistered chipper.
On July 14, 1992, the defendant filed a motion to strike the plaintiff's complaint in its entirety. Attached to this motion is a memorandum of law. On August 5, 1992, the plaintiff filed a memorandum in opposition to the motion to strike.
The motion to strike is provided for in Practice Book 151-158. The motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). A motion to strike "is tested by the facts provable under the allegations of the pleading to which the motion to strike is addressed . . . and cannot be aided by the assumption of any facts not therein alleged." Frazee v. DeJesus, 3 CSCR 562-63 (June 16, 1988, Dranginis, J.) See also Fraser v. Henninger, 173 Conn. 52, 60, 376 A.2d 406
(1977). A motion to strike "which relies on matters outside of the complaint is termed `speaking motion' and is improper [and, consequently, cannot be considered by the court]." Kemsco v. Brophy Ahern Development3 CSCR 344 (March 2, 1988, Purtill, J.) Finally, the court is required to construe the facts in the complaint most favorably to the plaintiff when considering a motion to strike. Gordon v. Bridgeport Hous. Auth.,208 Conn. 161, 170, 544 A.2d 1185 (1988).
The defendant contends that the plaintiff's complaint fails to allege that the defendant breached any legal duty owed the plaintiff. However, in its supporting memorandum, the defendant raises allegations contained in the plaintiff's original complaint dated February 19, 1991. Consequently, the defendant has filed a "speaking motion," Kemsco, supra, and, therefore said motion is denied.
PICKETT, J.