[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On July 5, 1994, the plaintiff, F.F. Hitchcock Company, Inc., filed a three count complaint seeking damages arising out of John Kukulka's ("defendant") alleged failure to pay for plumbing and heating parts and services rendered by the plaintiff. The first and second counts of the complaint sound in contract and quantum meruit, respectively, and seek to recover a balance of $16,913.96. The third count alleges an action in unjust enrichment. CT Page 3095
On December 30, 1994, the defendant filed a motion to strike the plaintiff's complaint on the grounds that (1) the plaintiff has filed this action against the "wrong party" in that the defendant "has already answered the original complaint of Plaintiff by denying all material allegations contained in the original complaint and the Defendant has further Specially Pleaded that there was neither a written nor any other type of contract between Plaintiff and Defendant,"[1] and (2) all invoices received for the work allegedly performed by the plaintiff were dated more than three years prior to the commencement of this action and are therefore barred by the operation of General Statutes, Sec. 52-581.[2]
The defendant has not filed a memorandum of law, but has filed copies of two invoices in support of his motion.[3] The plaintiff has filed a memorandum of law in opposition to the defendant's motion.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess andPaul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129,131, 471 A.2d 679 (1983). The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Id.
First, the plaintiff argues in its opposition memorandum that the parts and services it seeks recover for were provided to the defendant at the defendant's behest and pursuant to an agreement entered into with the defendant. Therefore, the plaintiff maintains that taking the allegations as true, the defendant's claim that there was no contract between the plaintiff and the defendant is without merit for purposes of this motion and is a question of fact that must be determined by the trier of fact.
Second, the plaintiff postulates that the statute of limitations for a simple contract is six years pursuant to General Statutes, Sec. 52-576, and not three years as contained in section 52-581, and as recited by the defendant in his motion. CT Page 3096 Moreover, the plaintiff argues that the statute of limitations runs from the date of the breach and not from the date of the contract, and since the question of when a breach of contract has occurred is a question of fact, the defendant's motion must fail on this ground as well.
Practice Book, Sec. 155 states that "[e]ach motion to strike must be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies." The defendant's motion could be denied for his failure to file a memorandum of law in support of his motion to strike in violation of section 155.
Even if the court were to consider the defendant's motion in its present posture, the motion can be denied as a "speaking" motion to strike. "`In ruling on a motion to strike, the court is limited to the facts alleged in the complaint.'" NovametrixMedical Systems v. Boc Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992). Since the defendant relies upon certain extraneous invoices that are attached to his motion but are outside the plaintiff's pleading, the defendant's motion is "speaking" and can be denied. See, e.g., Connecticut State Oil Co. v. Carbone,36 Conn. Sup. 181, 182-183 (1979).
The basis of the defendant's claim that this action was filed against the "wrong party" because no contract existed between the parties is predicated upon evidence which must be adduced at trial and is not properly raised by motion to strike. See, e.g.,Fraser v. Henninger, 173 Conn. 52, 61, 376 A.2d 406 (1977).
Based on the foregoing, the defendant's motion to strike is denied.
Stodolink, J.