[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #127
This action arises from injuries allegedly sustained by the plaintiff, Valerie Portuondo, on June 5, 1992 when elevator doors closed on her while she was at the Medical Arts Building located in Trumbull, Connecticut. In the fifth count of the complaint, Valerie Portuondo claims that the defendant, Donald Murray, in his capacity as building official for the Town of Trumbull, negligently approved a permit for the installation by the defendant, Otis Elevator, without a photo-electric cell or other non-contact sensing device, when he knew or should have known that said Medical Arts Building would be utilized by physically handicapped person and others assisting them.
In the sixth count of the complaint, the plaintiff, Gustavo Portuondo, makes the same allegations against the defendant Murray in connection with his claim for loss of consortium. The seventh and eighth counts of the complaint pertain to the claims of Valerie and Gustavo Portuondo respectfully, and are against the Town of CT Page 3999 Trumbull pursuant to its duty of indemnification of officials pursuant to Conn. Gen. Stat. § 7-465.
The defendants, Donald Murray and the Town of Trumbull, have moved to strike the fifth, sixth, seventh and eighth counts of the complaint. As to the fifth and sixth counts, Donald Murray claims that the allegations against him relate to his performance of discretionary duties in connection with a governmental function and he is therefore immune from liability therefor. As to counts seven and eight, the Town of Trumbull claims that its liability pursuant to C.G.S. § 7-465 is dependent upon that of Donald Murray and, therefore, if the claim against him fails, so must the claim against the Town.
The plaintiffs oppose the defendants' motion on the ground that the claim against Donald Murray is that he failed to enforce the Basic Building Code of the State of Connecticut which incorporates certain ANSI standards for elevators serving handicapped persons, pursuant to § 29-269 of the Conn. Gen. Stat., specifically that the elevator in question did not contain a non-contact sensing device as referred to above. Thus, the plaintiff's claim that the allegations of the complaint relate to a ministerial rather than a discretionary act and thus raise an issue that cannot be resolved in a motion to strike.
Under common law, a municipal employee has qualified immunity in connection with the performance of a governmental duty, but may be liable if he misperforms a ministerial act, as opposed to a discretionary act. A ministerial duty is one which is to be performed in a prescribed manner without the exercise of judgment or discretion. Wright v. Brown, 167 Conn. 464, 471 (1975); Fraserv. Henninger, 173 Conn. 52, 60 (1977).
There appears to be no dispute, nor should there be, that the defendant Murray as the building official of the Town of Trumbull, in enforcing or administering the Basic Building Code of the State of Connecticut, was performing a governmental function and discharging a public duty. Since the general purpose of building codes, building permits and building inspections is to protect the public, a building inspector is considered to be acting exclusively for the benefit of the public. McGuillin, Municipal Corporations,
(3rd ed. 1933), 53-88.
In the opinion of the court, the allegations set forth in the plaintiffs' complaint deal with acts which must be considered CT Page 4000 discretionary as a matter of law. While the plaintiffs allege that the defendant Murray was negligent in permitting the installation and use of an elevator which did not conform to the Basic Building Code, such allegations do not implicate simply ministerial acts. ". . . [N]o matter how objective the standard, an inspector's decision as to whether a building falls below a standard and whether remedial orders are therefore requires involves the exercise of his or her judgment." Evon v. Andrews, 211 Conn. 501, 506 (1989). Ministerial acts are those that are performed in a prescribed manner, without the exercise of judgment. Gauvin v. New Haven,187 Conn. 180, 184 (1982). Since the acts of the defendant Murray required the exercise of judgment on his part, they were not ministerial and therefore he is immune from liability.
Liability can arise on the part of a municipal official for negligence in the performance of a discretionary act if such act subjects an identifiable person to imminent harm. See Gordon v.Bridgeport Housing Authority, 208 Conn. 161 (1988). However, such exception to the general rule has received very limited recognition in this state and under the facts of this case does not afford the plaintiffs an avenue of recovery as against the defendant Murray.Evon v. Andrews, supra, pp. 507-508.
The parties in this action agree that the plaintiffs have a cause of action against the Town of Trumbull under C.G.S. § 7-465
only if their complaint states a cause of action against Donald Murray, since § 7-465 is an indemnification statute which does not furnish an independent basis for a claim against the municipality. Therefore, since it is the opinion of the court that Donald Murray is immune from liability to the plaintiffs for the acts alleged, then the complaint does nor state a cause of action under § 7-465
against the Town of Trumbull.
The defendants Murray and the Town of Trumbull also rely upon the provisions of § 52-557n in support of their motion to strike claiming that the plaintiff must allege that a building inspector acted recklessly, rather than negligently, in order for such official to be held liable for negligent acts or omissions of an employee which require the exercise of judgment or discretion. The plaintiffs respond by claiming that the act or omission complained of was the issuance or the permit to Otis Elevator in July of 1985, prior to the effective date of § 52-572n which was October 1, 1986.
In light of the court's opinion as expressed above, the plaintiff's complaint does not state a cause of action under either CT Page 4001 the common law as it existed prior to the enactment of § 52-572n, or pursuant to that statute since Donald Murray was in exercise of a governmental function and performing discretionary acts. Therefore, the issue as to the applicability of § 52-572n need not be addressed.
Therefore, the motion to strike of the defendants', Donald Murray nd [and] the Town of Trumbull, is granted as to the fifth, sixth, seventh and eighth counts of the complaint.
Thompson, J.