[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
On January 17, 1995, the plaintiff, Rodney Barry, filed a four count revised complaint sounding in negligence against multiple defendants. The first count names the following individuals as defendants: Chief William Kirg, Deputy Chief Arthur J. Higgins, Jr., Lt. Richard Augieri and other unnamed persons. In that count the plaintiff alleges the following: on or about June 20, 1992 at approximately 10:30 p.m., a helicopter designated as "Lifestar" departed Hartford Hospital for the purpose of retrieving and transporting an injured individual to Hartford Hospital from a landing zone located at the Middletown Rest Area, adjacent to I-91, in Middletown, Connecticut; that the defendants, members of the Westfield (District of Middletown) Fire Department, and other unnamed agents, servants and/or employees of the Middletown fire department designated the I-91 Rest Area as a landing zone and were present and/or en route to the landing zone in order to direct the landing of the helicopter; that while attempting a landing at the landing zone, the helicopter came into contact with high tension wires, causing the helicopter to suddenly descend and crash violently onto the median of I-91 in Middletown. He further alleges that at the same time the plaintiff was operating a motor vehicle in a southerly direction on I-91 in the vicinity of the helicopter crash when the hood, roof and windshield of his vehicle were struck by debris from the helicopter thereby shattering his windshield completely and showering the plaintiff with glass and debris. The plaintiff claims that his right eye and left wrist have been permanently disabled and his vision has been permanently impaired as a result of the negligence and carelessness of the defendants.
In the second count, also in negligence, the plaintiff names the following defendants: Chief Robert Raby, CAPTAIN Jack Lyons and others. These were members of the Meriden Fire CT Page 3362 Department. The plaintiff repeats the allegations of negligence and carelessness of the first count against the defendants named in the second count.
In the third count, again in negligence, the plaintiff names as a defendant the Connecticut Light and Power Company (CLP). The plaintiff alleges that CLP erected, installed, serviced, maintained and owns the high tension wires. The plaintiff further alleges that CLP was negligent in allowing the electrical and static wires to be in the vicinity of the I-91 rest stop.
In the fourth count the plaintiff repeats the allegations of negligence and carelessness of the first and second counts against defendant George Dunn, who the plaintiff alleges was a member of the Middletown Fire Department.
On December 19, 1994, and January 20, 1995, the defendants filed motions to strike the first and second counts of the plaintiff's complaint on the ground that the plaintiff has failed to allege the necessary prerequisites to comply with General Statutes § 7-308. On January 17, 1995, the plaintiff filed a memorandum in opposition to the defendants' motion to strike.
The purpose of the motion to strike "is to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). The motion to strike "admits all facts well pleaded. . . . The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them. . . . ; and if facts provable under the allegations would support a defense or cause of action, the [motion to strike] must fail." Id., 142.
The defendants argue in their memorandum of law in support of their motions to strike that in order to state a claim against these defendants the plaintiff must comply with the provisions of General Statutes § 7-308. The defendants argue that the plaintiff's complaint does not contain allegations that comply with the statutory provisions of General Statutes § 7-308. Specifically, the defendants argue that the plaintiff failed to file his complaint within one year after his cause of action arose; failed to allege that he complied with the six month notice requirement contained in the statute; and failed to allege that he made a demand CT Page 3363 against the defendants thirty days prior to bringing suit.
In response, the plaintiff argues that General Statutes § 7-308 is an indemnification statute that requires a municipality to pay damages assessed against firemen for liability incurred while in the performance of fire duties. The plaintiff argues, however, that he has not invoked the provisions of General Statutes § 7-308 but, rather, alleges a common-law negligence action against the individually named municipal employees.
General Statutes § 7-308 is an indemnification statute that generally requires a municipality to pay on behalf of any paid or volunteer fireman all sums that the fireman becomes liable to pay resulting from the performance of his fire duties. See Rowe v. Godou, 209 Conn. 273, 276, 550 A.2d 1073
(1988). It provides in part:
 No action for personal injuries or damages to real or personal property shall be maintained against such municipality and fireman unless such action is commenced within one year after the cause of action therefor has arisen nor unless notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk or corresponding officer of such municipality and with the fireman within six months after such cause of action has accrued.
The Connecticut Supreme Court in Fraser v. Henninger,173 Conn. 52, 376 A.2d 406 (1977), while interpreting a similar indemnification statute, General Statutes § 7-465, held that a plaintiff may maintain a common-law action against an individual municipal employee and avoid the requirements which are unique to recovery under that indemnification statute. Id., 56. The purpose of such indemnification statutes "requiring statutory notice of a claim as a condition precedent to bringing an action for damages against the municipality is to give the officers of the municipality such information as will enable them to make a timely investigation of the claim and to determine the existence and extent of CT Page 3364 liability." Id., 55.
The provisions of General Statutes § 7-308, like those of General Statutes § 7-465,
 "which permit an action against the municipality and the employee jointly do not mean that a plaintiff may not proceed against the employee alone if for any reason the plaintiff cannot prevail upon the count alleging facts to support a recovery from the municipality of any judgment obtained against the employee. A plaintiff's failure to sustain his complaint against the municipality is no reason for turning the plaintiff out of court if he can sustain his complaint against the employee."
Id., 57.
Because the plaintiff has not invoked the provisions of General Statutes § 7-308, but rather, has elected to pursue a common-law cause of action in negligence against the defendants individually, the notice requirements of General Statutes § 7-308 do not apply to the present cause of action. Accordingly, the defendants' motions to strike are denied.
Hale, State Trial Referee