[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Doris Albino, filed a three count complaint against the defendants, William J. Dauphinais (Dauphinais) and the Town of Wolcott, on September 1, 1998. In the first count of the complaint, the plaintiff alleges that on November 6, 1996, Dauphinais collided with a vehicle owned and operated by Rita Russo (Russo) in which the plaintiff was a passenger. The plaintiff alleges that Dauphinais was an employee for the Town of Wolcott and acting within the scope of his employment for the Town of Wolcott at the time of the collision, and that the collision was proximately caused by the negligence and carelessness of Dauphinais. The first count is brought against the Town of Wolcott and Dauphinais pursuant to General Statutes §52-557n. The second count reiterates the allegations of the first count, but does not include the statutory basis of General Statutes § 52-557n, thereby making a non-statutory claim for negligent operation of a motor vehicle. In the third count, the plaintiff alleges that the collision was proximately caused by Dauphinais' reckless conduct.
The defendants filed a motion to strike the first, second, and third counts of the plaintiff's complaint on December 23, 1998, and included a memorandum of law in support of the motion to strike pursuant to Practice Book § 10-42. The plaintiff filed an objection to the defendants' motion to strike on February 17, 1999, and included a memorandum of law in support of her objection pursuant to Practice Book § 10-42. The defendants also filed an apportionment complaint against Russo on January 6, 1999.
"Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296, 325, 709 A.2d 1089
CT Page 3925 (1998). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). In ruling on a motion to strike, the role of the trial court is "to examine the [complaint], construed in favor of the plaintiffs, to determine whether the plaintiffs have stated a legally sufficient cause of action." Napoletano v. Cigna Healthcare of Connecticut,Inc., 238 Conn. 216, 232-33, 680 A.2d 127 (1996). Yet, "the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825,676 A.2d 357 (1996). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted.) Pamela B. v. Ment, supra, 244 Conn. 308.
The defendants move on the ground that the first count should be stricken because General Statutes § 52-557n[1] does not create any cause of action against a municipality which did not exist at common law. "Although no appellate case has decided this precise issue, the argument made by the defendants in the present action has been addressed and rejected by numerous superior courts. . . . In particular, [in] Lyles v. City of Stamford, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 340593 (June 11, 1998, Skolnick, J.) . . . the defendants moved to strike the claims against the city on the grounds that § 52-557n does not provide for a direct cause of action against a municipality for the negligence of its employees and that the doctrine of respondeat superior/vicarious liability is inapplicable against the city except for an action under § 7-465. The court denied the motion to strike, holding that § 52-557n does provide for a direct cause of action against the municipality for the negligence of its employees . . ." Perry v.Wyshynski, Superior Court, judicial district of Hartford at Hartford, Docket No. 578143 (Apr. 9, 1999, Teller, J.). General Statutes § 52-557n provides for a direct cause of action against a municipality for the negligence of its employees. Therefore, the motion to strike the first count of the plaintiff's complaint is denied.
The defendants also move on the ground that counts two and three should be stricken as to the Town of Wolcott because there is no cause of action at common law for the vicarious liability of a municipality with respect to its agents. "[T]he general rule developed in our case law is that a municipality is immune from CT Page 3926 liability for negligence unless the legislature has enacted a statute abrogating that immunity." Williams v. New Haven,243 Conn. 763, 766-67, 707 A.2d 1251 (1998). Moreover, "[a]t common law, municipal officers were liable for their own torts, but the municipality, their municipal master, was not vicariously liable for those torts." (Internal quotation marks omitted.) Sanzone v.Board of Police Commissioners, 219 Conn. 179, 193, 592 A.2d 912
(1991); Hankard v. Town of Avon, Superior Court, judicial district of Hartford at Hartford, Docket No. 565611 (June 22, 1999, Hale, J.). The plaintiff brings to the court's attentionWilliams v. New Haven, supra, 243 Conn. 770, where dicta in Justice Berdon's concurring opinion states that "the landscape of municipal liability, corporate and employee, has obviously changed with the adoption of General Statutes § 52-557n." Yet, unlike the situation in this case, the impediment in Williams v. New Haven, supra, 243 Conn. 763, was that the plaintiffs did not advance any statute which pierced the municipality's immunity, such as General Statutes § 52-557n, nor did the plaintiffs name an agent, officer or employee of the municipality, to allow the additional remedy of indemnification pursuant to General Statutes § 7-465.[2] See Perry v. Wyshynski, supra, Superior Court, Docket No. 578148. In this case, the plaintiff simply did not allege municipal indemnification under General Statutes § 7-465, nor did she allege compliance with the notice requirements of the statute. Counts two and three sound solely in common law negligence and recklessness. Consequently, the plaintiff fails to invoke a statute which abrogates immunity from the Town of Wolcott.
Nevertheless, an injured party may maintain a common-law action against a municipal employee who would be covered by General Statutes § 7-465, thus avoiding the unique requirements for recovery under the indemnification statute. See Sanzone v. Boardof Police Commissioners, supra, 219 Conn. 193; Fraser v.Henninger, 173 Conn. 52, 56, 376 A.2d 407 (1977). The plaintiff did not sufficiently plead a claim against the Town of Wolcott in the second and third counts. Rather, the plaintiff only alleges that Dauphinais was negligent and reckless, and merely describes the defendant as an employee of the Town of Wolcott in paragraph four of the second and third counts. Because the Town of Wolcott is not implicated in the second and third counts, the motion to strike these counts is denied.
SANDRA VILARDI LEHENY, J. CT Page 3927