[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, MOTION TO SET ASIDE THE VERDICT AND MOTION FOR A REMITTUR
The plaintiff instituted the present action seeking to recover monetary damages for the negligence of the defendants arising out of his arrest and incarceration for the crime of armed robbery. The plaintiff was arrested and incarcerated for approximately ten months and was then released at the time of trial when the complaining witness would not identify him as the perpetrator of the crime. The plaintiff produced expert evidence in support of various claims of negligence involving the pre-arrest identification procedures and the investigation conducted by the defendants. Of particular relevance is the claim by the plaintiff that he informed the arresting and investigating officers that he was working at the time of the robbery and that alibi was not included in the police reports and no investigation was made concerning that claim. The jury returned a verdict for $11,500.00 in economic damages and $988,500.00 in non-economic damages for a total award of $1,000,000.00. The jury also responded to interrogatories and specifically found the plaintiff told the investigating detective that he was at work at the time of the robbery and that the detective was negligent in failing to include such a statement in his report. The defendants made various attacks on the verdict as hereinafter discussed.
"A municipal employee has a qualified immunity in the performance of a governmental duty but he may be liable if he mis-performs a ministerial act, as opposed to a discretionary act. . . . The word `ministerial' refers to a duty which is to be performed in a prescribed manner without the exercise in judgment or discretion. Fraser v. Henninger, 173 Conn. 52,60 (1977). The plaintiff presented evidence that the fact that the plaintiff claimed to have an alibi at the time of the robbery was a CT Page 6607 matter that should have been put into the report and that some investigation should have been made as to that claim. The jury was entitled to make a determination that the actions of the defendant constituted a ministerial as opposed to a discretionary act.
There is also an exception to the qualified immunity for discretionary acts "where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm." Purzycki v. Town of Fairfield, 244 Conn. 101,108 (1998). The plaintiff submitted evidence that the arresting officer mis-characterized the certainty of the identification made by the victim of the robbery and that there were discrepancies in the identification including whether the person committing the robbery did or did not have a limp; whether he did or did not wear a beard; whether he did or did not have big lips; whether he had or did not have thick eyebrows; whether he did or did not have a chubby face; whether he did or did not have big eyes and whether or not he had medium brown skin or dark skin. In the present case there was sufficient evidence to allow the jury to make a determination as to whether the plaintiff was an identifiable person subject to imminent harm. The jury decided that issue adversely to the defendants. See Evon v. Andrews, 211 Conn. 501, 507 (1989); Shore v. Townof Stonington, 187 Conn. 147, 153 (1982).
The defendants also claim that the plaintiff did not demonstrate that any negligence was a proximate cause of the injury because the facts and circumstance were such that a police officer of ordinary prudence would not reasonably have foreseen that the injury would be the natural and probable consequence of the negligence. The defendants also assert that there were several intervening and independent causes with respect to the plaintiffs incarceration including that the defendants had no way of knowing that the plaintiff would remain in jail for ten months after his arrest, would fail to post a bond, would have a denial of his bond reduction and that his attorney would not assert the existence of a claimed alibi.
If a conduct of a defendant is a substantial factor in bringing about harm to another, the fact that the defendant would not foresee the extent of the harm or the manner in which it occurred does not prevent the defendant from being liable to the plaintiff. Restatement (2nd) Torts § 435(1). It is the general harm that must be foreseeable and not the particular injury. Pisel v. Stamford Hospital, 180 Conn. 314, 341
(1980).
Similarly, if a defendant's negligence is a substantial factor in producing a plaintiffs injury, a defendant is not relieved from liability because other forces concurred to produce the injury and whether the CT Page 6608 defendant's conduct constitutes a substantial factor is a question of fact for the jury. Wagner v. Clark Equipment Co., 243 Conn. 168, 180
(1997).
The defendants also assert that the verdict is excessive and that a remittitur should be ordered. The standard by which the court determines whether a verdict is excessive has been stated in Mather v. GriffinHospital, 207 Conn. 125 (1988) at pp. 138-139 as follows:
 "Litigants have a constitutional right to have factual issues resolved by the jury. . . . This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair minded persons as to the amount that should be awarded. This right is `one obviously immovable limitation on a legal discretion of the court to set aside a verdict since the constitutional right of trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair minded men passed upon by the jury and not by the court'. . . . The amount of a damage award is a matter peculiarly within the province of the trier of fact, in this case, the jury. . . . The size of the verdict alone does not determine whether it is excessive. `The only practical test to apply to this verdict is whether the award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption' . . . in considering a motion to set aside the verdict, the court must determine whether the evidence, viewed in light most favorable to the prevailing party, reasonably supports the jury's verdict." (Citations omitted).
In the present case the plaintiff was incarcerated for nearly ten months, lost considerable weight while incarcerated and experienced a severe emotional response to the incarceration. Under the above quoted standard, the jury was entitled to evaluate the nature and extent of the plaintiffs injuries and the verdict cannot be set aside under the standard quoted above.
Accordingly, the Motions of the defendants are denied.
On February 13, 1998, the plaintiff filed an offer of judgment in the CT Page 6609 amount of $100,000.00 which was not accepted by the defendants. Accordingly, under General Statutes § 52-192a, the plaintiff is entitled to interest at the rate of 12% per annum from February 13, 1997 to the date hereof in the amount of $393,205.00 plus $350.00 attorneys fees.
RUSH, JUDGE